**Herward A. VOGEL and Minnesota Mining and Manufacturing Company, Plaintiffs,**

v.

**Robert GOTTSCHALK, Acting Commissioner of Patents, Defendant.**

**Civ. A. No. 457–71–A.**

United States District Court,
E. D. Virginia,
Alexandria Division.

Jan. 11, 1972.

Ellsworth H. Mosher, Stevens, Davis, Miller & Mosher, Arlington, Va., Stanley G. DeLaHunt, Kinney, Alexander, Sell, Steldt & DeLaHunt, Saint Paul, Minn., for plaintiffs.

Fred E. McKelvey, Associate Sol., Washington, D. C., James Tate, Asst. U. S. Atty., Alexandria, Va., for defendant.

MEMORANDUM OPINION
AND ORDER

ALBERT V. BRYAN, Jr., District Judge.

The Court has considered the Motion to Dismiss in light of the memoranda submitted and counsel's argument of January 7, 1972.

The allegations of the Complaint, taken as proved for the purpose of the Motion to Dismiss, establish action on the part of the Commissioner of Patents acting through the Board of Patent Interferences which is arguably arbitrary and capricious. That action was entering judgment against the plaintiffs for failure to file any evidentiary record, despite the Board's being aware of the existence of an injunction prohibiting the plaintiffs from proceeding further in

the patent office, and the fact that the filing of such an evidentiary record would have subjected the plaintiffs to a citation for contempt for violation of the injunction.

Plaintiffs are proceeding under the Administrative Procedure Act, which provides, among other things, for judicial review of "agency action for which there is no other adequate remedy in a court . . ." 5 U.S.C. § 704. The review here requested is of an action of the Acting Commissioner of Patents, acting through the Board of Patent Interferences.

Concededly given a review by 35 U.S.C. § 146 (both parties agree that the review provided by 35 U.S.C. § 141 to the Court of Customs and Patent Appeals is probably not available to the plaintiffs), the plaintiffs contend this is not an "adequate remedy." In the Court's opinion, the determination whether it is or not is dispositive of the Motion to Dismiss.

It is the plaintiffs' position that the admissibility of additional evidence before the district court considering a § 146 appeal is discretionary and that therefore they may or may not be able to present to it the evidence they were precluded from presenting to the Board of Patent Interferences. Consequently, they may not be able to present their full case to the district court, citing Kirschke v. Lamar, 426 F.2d 870 (8th Cir. 1970). There, however, the court held only that " . . . a deliberate, intentional, or willful withholding or suppression of pertinent and available evidence from the Patent Office, whether attended by reprehensible motives or not, whether it be for tactical or other reasons, justifies exclusion of such evidence in a § 146 proceeding", p. 874. If the situation presented to a district judge in a § 146 review is, without fault on the part of the plaintiffs, as alleged in the Complaint, it would be presumptious of this Court to assume that he would improperly exclude the evidence sought to be produced. Upon a proffer of it he might well say it would not affect his decision, but this Court cannot assume it would not be considered.

There is, therefore, an adequate remedy provided by 35 U.S.C. § 146. Accordingly, this Court has no jurisdiction under the Administrative Procedure Act. The Motion to Dismiss must be sustained; and it is so ordered.